# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERROL ANTHONY ROY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6814** |
| **ORLEANS PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION: "D"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Errol Anthony Roy, a state pretrial detainee, filed this *pro se* federal civil rights action against the Orleans Parish Criminal Sheriff's Office and other unidentified individuals. For the following reasons, this action should be dismissed.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted). A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Id. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

In the instant complaint, plaintiff complains that (1) he was not given timely medical attention after vomiting blood, (2) he was physically assaulted by deputies on May 20 and 21, 2009, (3) he was slapped by a deputy on June 23, 2009, and (4) he was bitten by a spider. Those same claims were also asserted by plaintiff in an earlier lawsuit, Errol Anthony Roy v. Orleans Parish Sheriff's Office, *et al.*, Civil Action No. 09-6794 "D"(4), which is currently pending. Therefore,

2

the instant duplicative complaint should be dismissed as malicious. See Bailey, 846 F.2d at 1021; Gallegos v. Strain, Civ. Action No. 08-1393, 2008 WL 2185053, at *5 (E.D. La. May 23, 2008).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED** as malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). It is **FURTHER RECOMMENDED** that his claims be **DISMISSED WITHOUT PREJUDICE** to their prosecution in Civil Action No. 09-6794 "D"(4).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-seventh day of October, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**